**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Darlene Wente,** | ) | **CASE NO. 1:26 CV 116** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **Tammy Steidl,** *et al*., | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>INTRODUCTION</u>

*Pro se* Plaintiff Darlene Wente filed this action under the Fair Housing Act, 42 U.S.C. §§3617 and 3613, against Towne Motel of Medina, Inc. ("Towne Motel"), Town Motel Manager Tammy Steidl, and Towne Motel Owner John Sliter.  Plaintiff alleges Ms. Steidl retaliated against her for requesting and obtaining permission from the Towne Motel owner to keep a cat in her room.  She seeks $ 75,000.00 in damages.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  That Application is granted.

### <u>BACKGROUND</u>

Plaintiff and her adult son moved into a room at the Towne Motel on September 4, 2023. Towne Motel has a "no pets or animals" policy.  Plaintiff claims that on three occasions, she asked Ms. Steidl, the Towne Motel manager, for permission to keep a cat in her room.  Ms. Steidl denied the request on all three occasions pursuant to the policy.

On August 4, 2024, eleven months into her stay at the Towne Motel, Plaintiff had an opportunity to speak to the motel owner's son and asked him for permission to keep a cat in the motel room.  That request was passed on to the motel owner, who granted her permission. Plaintiff states that her cat was the only animal permitted on the property.

Fifty-eight days later, on October 1, 2024, Plaintiff went to the Towne Motel Office to pay her rent.  She claims Ms. Stiedl refused to accept her rent and told her that she would have to vacate the room.  When asked for a reason, Ms. Stiedl stated, "no reason."

That same day, Plaintiff contacted her case manager at the Medina Metropolitan Housing Authority to help with local emergency motel funded vouchers.  Her case manager contacted Ms. Stiedl who confirmed that she refused to accept rent.

From October 1, 2024, through December 22, 2024, Plaintiff had to secure housing at the Motel 6, the Super 8, and "ESA."  During this time, she received assistance from the Medina Metropolitan Housing Authority and Sacred Hearts. However, she had to pay for some of these housing expenses from her own funds.  She contends she signed a lease for a home on December 19, 2024.

Plaintiff claims she and her son did nothing to warrant Towne Motel's refusal of rent. She further claims Ms. Stiedl did not cite to any written or verbal complaints or give them any indication that they had broken motel rules.  Ms. Stiedl did not start an eviction process, and retaliated against her for seeking permission from the owner to keep a cat in the room.  She contends this is an unlawful discriminatory practice under the Fair Housing Act.  She seeks monetary damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a complaint, the court generally must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

-3-

**DISCUSSION**

Plaintiff has not alleged facts suggesting that the Defendants violated the Fair Housing Act.  She cites to 42 U.S.C. § 3617, which states in part:

> "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person ... on account of his having exercised or enjoyed ... any right granted or protected by section ... 3604 [prohibiting discrimination in the sale or rental of housing]... of this title."

Section 3604 prohibits discrimination in the purchase or rental of property because of race, color, religion, sex, familial status, or national origin.  42 U.S.C. § 3604.  Like many civil rights statutes, the Fair Housing Act is not a general civility code for landlords and tenants.  It does not prohibit every form of interference with housing and does not govern every action that a landlord may take with respect to a tenant.  The Fair Housing Act only protects renters from discrimination based on race, color, religion, sex, familial status, or national origin.  Plaintiff does not allege that any one of these was a factor in Ms. Stiedl's refusal to accept her rent.  Instead, she claims that Ms. Stiedl retaliated against her because she sought and obtained permission from the owner to keep a cat in her room, after Ms. Stiedl had denied the request on multiple occasions.  The Fair Housing Act does not apply to this situation.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.  This action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

-4-

Date: 3/24/26